**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------x

JOSHUA FLADGER, RONATHAN FLADGER, EDWARDO
GIL GUERRERO, ERIC HOLMES, ALBERT MARTIN, and
MZOBANZI BRITSON MJWARA

                            Plaintiff,

             -against-

ZVI MANOR and MANOR MOVING & STORAGE, LTD,
                           Defendants.
-------------------------------------------x

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

Case No.: _____

**PLAINTIFF DEMANDS**
**A TRIAL BY JURY**

       Plaintiffs, Joshua Fladger, Ronathan Fladger, Edwardo Gil Guerrero, Eric Holmes, Albert Martin, and Mzobanzi Britson Mjwara, by their attorney, The Rose Law Group, PLLC, upon information and belief, complain as follows:

## NATURE OF THE CASE

1.     Plaintiffs, individually and on behalf of all other similarly situated current and former hourly employees of Defendants, brings this action against Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the New York State Labor Law, Articles 6 & 19 ("NYLL") for failure to pay wages due and owed for hours employees were required to report to work, ready to perform work and actually performed work duties, and seeks to recover unpaid back wages, unpaid tips, unpaid overtime, an additional amount as liquidated damages, reasonable attorneys' fees and costs.

2.     Plaintiffs also claim that they were not provided the proper notices and statements under New York Labor Law §§ 190 *et seq.*

## JURISDICTION AND VENUE

3.     Jurisdiction of this action is conferred upon the Court by § 16(b) of the FLSA (29 U.S.C. §216(b)). Jurisdiction of this Court is also proper under 42 U.S.C. §12101 et. seq.; 29 U.S.C. §2617.

4.     Supplemental Jurisdiction is proper over the State law claims pursuant to 28 U.S. Code §

1367.

5.     Venue is proper in this district based upon Defendants' residency within Bronx County, State of New York, within the Southern District of New York. 28 U.S.C. §1391(b).

## PARTIES

6.     That at all times relevant hereto, Plaintiffs Joshua Fladger, Ronathan Fladger, Edwardo Gil Guerrero, Eric Holmes, Albert Martin, Mzobanzi Britson Mjwara ("Plaintiffs") are residents of the State of New York and Bronx County.

7.     Plaintiffs were, during all relevant times, employees for Defendants.

8.     That at all times relevant hereto, Defendant Manor Moving & Storage Ltd. ("Manor Moving") was and is a Domestic Business Corporation duly authorized and existing by virtue of the laws of the State of New York.

9.     That at all times relevant hereto, Defendant Manor Moving does business in the State of New York.

10.    That at all times relevant hereto, Defendant Manor Moving is located at 728 E 136th St, Bronx, NY 10025.

11.    That at all times relevant hereto, Defendant Zvi Manor was an owner and manager of Defendant Manor Moving.

12.    That at all times relevant hereto, Defendant Zvi Manor was Plaintiffs' supervisor and/or had supervisory authority over Plaintiffs and all other Class Plaintiffs.

13.    Defendant Manor Moving and Zvi Manor are referred to herein as "Defendants."

## THE FLSA CLASS

14.    While class certification pursuant to FRCP Rule 23 is not required for an FLSA collective action, defining the class of eligible FLSA Plaintiffs is useful, as the Court will be asked

to order Defendants to produce the names and addresses and other information of potential opt-in Plaintiffs.

15.     The class of eligible opt-in Plaintiffs consists of all persons who worked for Defendant Manor as "foreman", "drivers" and "helpers" at any time from three (3) years prior to the filing of this case, to entry of judgment in this case (the "Class" and "Class Period," respectively).

16.     Although the precise number of putative class members is unknown, and facts upon which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are over fifteen (15) members of the Class who worked for Defendants within the Class Period.

17.     There are questions of law and fact common to this Class which predominate over any questions solely affecting individual members of the Class, including whether Defendants failed to compensate employees at any rate for hours employees were required to be at work, performing work and traveling to and from job sites; whether each employee was paid overtime in weeks when they worked over forty (40) hours; and whether each employee was given the tips to which they were entitled for their work. Often, the hourly rate was less than the minimum wage.

18.     Plaintiffs' claims are typical of the claims of the Class.  Plaintiffs will fairly and adequately protect the interests of the Class.

19.     A collective action is superior to other methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

20.   Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

21.   At all times relevant to this action, Plaintiff and other Class Plaintiffs were employed by Defendants within the meaning of the FLSA.

22.   At all times relevant to this action, Defendants transacted and transacts commerce and business in excess of $500,000.00 annually or has revenues in excess of $500,000.00 annually, for all applicable periods in question. Further, Plaintiffs were directly involved in interstate commerce.

23.   At all times relevant to this action, Defendants willfully failed to pay all Plaintiffs and other Class Plaintiffs for time which Class Plaintiffs are required to be at work and ready to work, performing work and/or traveling from Defendants' offices to a job site in violation of the FLSA. Plaintiffs were also not paid the overtime premium for hours worked in excess of forty (40) each week. Plaintiffs also were not provided with the tips paid to Defendants on their behalf. Defendants also illegally withheld wages from Plaintiffs for any damage to furniture claimed by their clients and parking or moving violations.

24.   At all times relevant to this action, due to Defendants' FLSA violations, Plaintiffs and other Class Plaintiffs are entitled to recover from Defendants their unpaid wages, an additional equal amount as liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. §216(b).

## **MATERIAL FACTS**

25.   Plaintiff Albert Martin ("Albert") was hired by Defendant Manor Moving in or around May of 2013 as a Foreman.

26.   Throughout Plaintiff Albert's employment, his work product was excellent and he was never

disciplined for his performance.

27.   Defendant Manor moving is owned and operated by Defendant Zvi Manor.

28.   Throughout Plaintiff Martin's employment, Defendants instructed Plaintiff Albert as to where to perform his work and which jobs he would be performing that day.

29.   Plaintiff Albert, throughout his employment, was required to arrive at work at 6:00 am in order to load materials, receive orders and travel to the worksite.

30.   Plaintiff Albert and all similarly titled employees of Defendants worked between twelve (12) and eighteen (18) hours each day, sometimes not finishing their work until 12:00 AM.

31.   However, Plaintiff Albert was not paid for all hours worked as Defendants only compensated employees from the time they arrived at the loading location until the items were delivered and did not pay for travel to the pickup location and the return to the office. This meant that many days Plaintiffs were not paid for significant time spent working and traveling to/from worksites.

32.   At all times Plaintiff Albert was compensated at a flat rate per hour for which he was compensated regardless of the number of hours worked. In the beginning, that rate was $9.00 per hour. This was raised to $12.00 per hour in or around 2015.

33.   Upon information and belief, throughout Plaintiff Albert's employment Defendants failed to maintain any records for the number of hours worked.

34.   This practice continued up to and until the end of Plaintiff Albert's employment in or around May of 2016.

35.   From the beginning of Plaintiff Albert's employment in 2013 until his leave in 2016, Defendants' policies relating to his FLSA and NYLL claims did not change and were applied to all of Defendant Manor's hourly employees.

36.   Plaintiff Albert was required to pay up to $350, for every piece damaged furniture even though

Defendants had insurance that covered such losses.

37.     Further, Defendants did not allow Plaintiff Albert a break as required by law.

38.     Upon information and belief, Defendants withheld more money from Plaintiff Albert and other similarly situated employees' pay than was actually necessary to pay for damaged furniture. These deductions were illegal.

39.     As a result, Plaintiff Albert and other similarly situated employees have lost pay to which they are entitled under the FLSA and NYLL and have been damaged in an amount yet to be determined.

40.     Plaintiff Edwardo Guerrero ("Edwardo") was hired by Defendant Manor Moving in or around May of 2011 as a Foreman and Driver.

41.     Throughout Plaintiff Edwardo's employment, his work product was excellent and he was never disciplined for his performance.

42.     Throughout Plaintiff Edwardo's employment, Defendants instructed Plaintiff Edwardo on where to go to perform his work and which jobs he would be performing that day.

43.     Plaintiff Edwardo, throughout his employment, was required to arrive at work at 6:00 am in order to load materials, receive orders and travel to the worksite.

44.     Plaintiff Edwardo and all similarly situated employees of Defendants worked between eleven (12) and eighteen (18) hours each day, sometimes not finishing their work until 12:00 AM.

45.     However, Plaintiff Albert was not paid for all hours worked as Defendants only compensated employees from the time they arrived at the loading location until the items were delivered and did not pay for travel to the pickup location and the return to the office. This meant that many days Plaintiffs were not paid for significant time spent working and traveling to/from worksites.

46.     At all times Plaintiff Edwardo was compensated at a flat rate per hour for which they were

paid, regardless of the number of hours worked. In the beginning, that rate was $11.00 per hour. This was gradually raised yearly until pay was at $13.00 per hour in or around 2016.

47.    Plaintiff would supervise a group of employees when assigned foreman position but was not paid a salary.

48.    Upon information and belief, throughout Plaintiff Edwardo's employment Defendants failed to maintain any records for the number of hours worked.

49.    This practice continued up to and until the end of Plaintiff Edwardo's employment in 2016.

50.    From the beginning of Plaintiff Edwardo's employment in 2011 until his leave in or around the month of August 2016, Defendants' policies relating to his FLSA and NYLL claims did not change and were applied to all of Defendants' hourly employees.

51.    Plaintiff Edwardo's pay was reduced to pay for parking and moving violations incurred during work even though Defendants were responsible for these tickets.

52.    Upon information and belief, Defendants withheld more money from Plaintiff Edwardo and other similarly situated employees' pay than was actually necessary to pay for vehicular tickets.

53.    Defendants would also deduct money from Plaintiff Edwardo's weekly paycheck if there was any damage to furniture.

54.    Defendants would also deduct $150 a day from a paycheck if Plaintiffs missed a day of work. This was an illegal deduction.

55.    Further, Defendants did not allow Plaintiff Edwardo a break.

56.    Plaintiff was required to work ninety (90) hours per week at times and would not be compensated for all hours worked and did not receive the overtime premium.

57.    Plaintiff Edwardo was required to begin to work at 6:00 AM but Defendants would only begin to pay employees at 9:00 AM at the earliest.

58.     Plaintiff Edwardo and other employees he worked with would also not get paid for the time it took to get from the base to a client's home. Plaintiff would only get paid once reaching a client's home and moving in furniture. Plaintiff Edwardo and other employees he worked with also did not get paid for the time returning to the office after reaching the delivery point.

59.     As a result, Plaintiff Edwardo and other similarly situated employees have lost pay to which they are entitled under the FLSA and NYLL and have been damaged in an amount yet to be determined.

60.     Defendant Manor Moving's violation of the FLSA and NYLL was done with knowledge of the law and with full understanding that this policy violated the law.

61.     Plaintiff Eric Holmes ("Eric") was hired by Defendant Manor Moving in or around February of 2014 as a Driver.

62.     Throughout Plaintiff Eric's employment, Defendants instructed Plaintiff Eric on where to go to perform his work and which jobs he would be performing that day.

63.     Plaintiff Eric, throughout his employment, was required to arrive at work at 6:00 am in order to load materials, receive orders and travel to the worksite. However, he would not be paid until arriving at the location where he would be moving items resulting in his not being compensated for significant portions of his work day.

64.     Plaintiff Eric and all similarly titled employees of Defendants worked between twelve (12) and eighteen (18) hours each day, sometimes not finishing their work until 12:00 AM.

65.     At all times Plaintiff Eric was compensated at a flat rate per hour for which he was compensated. In the beginning, that rate was $12.00 per hour and stayed the same for two and a half years even though he was told he would be getting an annual raise.

66.     Upon information and belief, throughout Plaintiff Eric's employment Defendants failed to maintain any records for the number of hours worked.

67.   This practice continued up to and until the end of Plaintiff Eric's employment in or around
      August of 2016.

68.   From the beginning of Plaintiff Eric's employment in 2014 until his leave in or around the
      month of August 2015, Defendants' policies relating to his FLSA and NYLL claims did not
      change and were applied to all of Defendant Manor's hourly employees.

69.   Defendants did not allow Plaintiff Eric a break.

70.   Plaintiff Joshua Fladger ("Joshua") was hired by Defendant Manor Moving in or around 2012
      as a Helper.

71.   Throughout Plaintiff Joshua's employment, Defendants instructed Plaintiff Joshua on where
      to go to perform his work and which jobs he would be performing that day.

72.   Plaintiff Joshua, throughout his employment, was required to arrive at work at 6:00 am in
      order to load materials, receive orders and travel to the worksite. However, he and other
      Plaintiffs were not paid until after they arrived at the site and were not paid after they delivered
      their load even though they had to return to Defendants' offices.

73.   Plaintiff Joshua and all similarly titled employees of Defendants worked between eleven (11)
      and fourteen (14) hours each day, sometimes not finishing their work until 8:00 PM.

74.   At all times Plaintiff Joshua was compensated at a flat rate per hour worked regardless of the
      number of hours worked. In the beginning, that rate was $10.00 per hour.

75.   Upon information and belief, throughout Plaintiff Joshua's employment Defendants failed to
      maintain any records for the number of hours worked.

76.   This practice continued up to and until the end of Plaintiff Joshua's employment in or around
      the month of September 2016.

77.   From the beginning of Plaintiff Joshua's employment in 2014 until his leave in 2016,
      Defendants' policies relating to his FLSA and NYLL claims did not change and were applied

to all of Defendants' hourly employees.

78.  Plaintiff Ronathan Fladger ("Ronathan") was hired by Defendant Manor Moving in or around the month of April 2012 as a Driver and was later promoted to a Foreman position.

79.  Throughout Plaintiff Ronathan's employment, Defendant Manor, instructed Plaintiff Ronathan on where to go to perform his work and which jobs he would be performing that day.

80.  Plaintiff Ronathan, throughout his employment, was required to arrive at work at 6:00 am in order to load materials, receive orders and travel to the worksite. However, Plaintiff Ronathan and all Plaintiffs were not compensated until arriving at the site where they were to perform work and were not paid after they delivered their load.

81.  Plaintiff Ronathan and all similarly titled employees of Defendants worked between twelve (12) and fifteen (15) hours each day, sometimes not finishing their work until 9:00 PM.

82.  At all times Plaintiff Ronathan was compensated at a flat rate per hour for which he was compensated regardless of the number of hours worked. In the beginning, that rate was $13.00 per hour. This was gradually raised yearly until pay was raised to $15.00 per hour in or around July of 2016.

83.  Upon information and belief, throughout Plaintiff Ronathan's employment Defendants failed to maintain any records for the number of hours worked.

84.  This practice continued up to and until Plaintiff Ronathan's leave, on or around the month July of 2016.

85.  From the beginning of Plaintiff Ronathan's employment in 2012 until his leave in 2016, Defendants' policies relating to his FLSA and NYLL claims did not change and were applied to all of Defendants' hourly employees.

86.  Further, Defendants did not allow Plaintiff Ronathan a break.

87.     Upon information and belief, Defendants withheld money from Plaintiff Ronathan and other similarly situated employees' pay in order to pay for damaged furniture and vehicular tickets. By withholding this money from their pay Defendants violated the law as this was an illegal deduction.

88.     As a result, Plaintiff Ronathan and other similarly situated employees have lost pay to which they are entitled under the FLSA and NYLL and have been damaged in an amount yet to be determined.

89.     Plaintiff Mzobanzi Britson Mjwara ("Mzobanzi") was hired by Defendants in or around April of 2012 as a Foreman.

90.     Throughout Plaintiff Mzobanzi's employment, Defendants instructed him on where to go to perform his work and which jobs he would be performing that day.

91.     Plaintiff Mzobanzi worked with clients and supervised three (3) other employees every day for six (6) days a week. Plaintiff Mzobanzi was not paid a salary.

92.     Plaintiff Mzobanzi, throughout his employment, was required to arrive at work at 6:00 am in order to load materials, receive orders and travel to the worksite. However, Plaintiff Mzobanzi and other employees were not paid until they arrived at the first location after leaving Defendants' offices and were not paid after they delivered their load.

93.     Plaintiff Mzobanzi and all similarly titled employees of Defendants worked between twelve (12) and fourteen (14) hours each day sometimes not finishing their work until 8:00 PM.

94.     At all times Plaintiff Mzobanzi was compensated at a flat rate for those hours for which he was compensated, regardless of the number of hours worked. In the beginning, that rate was $12.00 per hour. This was raised to $13.00 per hour in or around 2013.

95.     Upon information and belief, throughout Plaintiff Mzobanzi's employment Defendants failed to maintain any records for the number of hours worked.

96.     This practice continued up to and until the end of Plaintiff Mzobanzi's employment in or around April of 2016.

97.     From the beginning of Plaintiff Mzobanzi's employment, Defendants' policies relating to his FLSA and NYLL claims did not change and were applied to all of Defendants' hourly employees.

98.     Plaintiff Mzobanzi was required to pay for damaged furniture even though Defendant Manor Moving was in charge of damage pay. Damage pay would be deducted from Plaintiff Mzobanzi's paycheck as an illegal deduction.

99.     Defendants would also deduct the cost of parking or other tickets from Plaintiffs' pay checks illegally.

100.    Upon information and belief, Defendants withheld more money from Plaintiff Mzobanzi and other similarly situated employees' pay than was actually necessary to pay for damaged furniture and vehicular tickets.

101.    Further, Defendants did not allow Plaintiff Mzobanzi a break.

102.    As a result, Plaintiff Mzobanzi and other similarly situated employees have lost pay to which they are entitled under the FLSA and NYLL and have been damaged in an amount yet to be determined.

103.    Defendant Manor Moving's violation of the FLSA and NYLL were done with knowledge of the law and with full understanding that this policy violated the law.

104.    Defendant Manor Moving and Defendant Zvi Manor are and were employers under the FLSA and NYLL as they control the work performed by individuals who suffered under their violation of the law, made the decision to specifically violate the law and have an ownership stake in the company. As such, Defendants are jointly and severally liable for the wage and hour violations detailed herein.

105.    Plaintiffs were not provided accurate and truthful wage statements and notices which complied with New York Labor Law § 190 *et seq* during their employment.

## AS A FIRST CAUSE OF ACTION
## <u>VIOLATION OF THE FAIR LABOR STANDARDS ACT</u>

106.    Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

107.    Defendants willfully employed Class Plaintiffs in the afore-mentioned enterprise and failed to compensate Class Plaintiffs for all hours worked during their employment.

108.    Defendants failed to pay any wages for hours worked by Class Plaintiffs as described herein and as is required by the FLSA.

109.    Further, the average hourly rate for Plaintiffs was below the minimum wage when considering the numerous hours for which they were not compensated.

110.    Defendants also failed to provide the overtime premium rate of one and a half times their regular hourly rate as is required by the FLSA.

111.    Defendants' failure to comply with the FLSA caused Plaintiffs and Class Plaintiffs to suffer loss of wages and other damages as described and demanded herein.

## AS A SECOND CAUSE OF ACTION
## <u>VIOLATION OF NEW YORK LABOR LAW</u>

112.    Class Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

113.    Class Plaintiffs were employees of Defendants within the meaning of New York Wage Regulations (NYCRR Labor Section 138 et seq.).

114.    Defendants failed to pay Plaintiffs any rate of pay for certain hours when they were required to be at work, ready to work, actually performing work and/or traveling to/from work sites.

115.   Defendants' failure to comply with the New York Labor Law minimum wage protections caused Class Plaintiffs to suffer loss of wages and interest thereon.

116.   Defendants' failure to pay proper wages for each hour worked was willful.

117.   Defendants also failed to pay overtime pay as is required by the New York Labor Law.

118.   Defendants also failed to provide tips paid by clients which were to be delivered to Plaintiffs but were not.

119.   Defendants withheld money for vehicular tickets and damages to furniture from Plaintiffs' pay without legal right or justification.

120.   Defendants also withheld money when days were missed from work in violation of the law.

121.   On account of such violations, Defendants are liable to Class Plaintiffs for actual, statutory and liquidated damages.

### AS A THIRD CAUSE OF ACTION FOR
### VIOLATION OF NEW YORK LABOR LAW (wage notice and statement)

122.   Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

123.   At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 190 et seq., including §§ 191, 193, 195, 198 and the applicable regulations thereunder.

124.   At all times relevant herein, defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiffs are therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b).

125.   At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiffs are

therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d)

## **JURY DEMAND**

126.    Plaintiffs demand a trial by jury.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants:

A.  Certifying a Collective Class for all Class Plaintiffs and permitting notice be sent to all Class Plaintiffs with the option to join;

B.  Awarding all wages not paid as required under the FLSA and NYLL, plus liquidated damages under both the NYLL and the FLSA and interest;

C.  Declaring that Defendants' policies and procedures violate the FLSA and NYLL;

D.  Awarding damages to the Plaintiffs and Class Plaintiffs to otherwise make them whole for any losses suffered as a result of such unlawful employment practices;

E.  Awarding Plaintiffs punitive damages;

F.  Awarding Plaintiffs attorney's fees, costs, and expenses incurred in the prosecution of the action;

G.  Awarding Plaintiffs such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: Astoria, New York
        March 28, 2015

                                              **THE ROSE LAW GROUP, PLLC**


                                              _____
                                              Jesse C. Rose (JR-2409)
                                              3109 Newtown Avenue
                                              Suite 309
                                              Astoria, New York 11102
                                              PH: (718) 989-1864
                                              Fax: (917) 831-4595