**The Rose Law Group, PLLC**
Attorneys at Law

Jesse C. Rose, Esq.
JRose@TheRoseLawGroup.com
31-09 Newtown Avenue, Suite 309, Astoria, New York 11102
Direct: (718) 989-1864  Fax: (917) 831-4595
www.TheRoseLawGroup.com

**Via ECF & US Mail**            September 21, 2018
Hon. George B. Daniels
United States District Judge
United States District Court
Southern District of New York

Re: **Fladger et al. v. Zvi Manor and Manor Moving & Storage, LTD** *et al.*
     **Case No.: 17-cv-2249 (GBD)**

Dear Judge Daniels:

Plaintiffs Joshua Fladger, Ronathan Fladger, Edwardo Gil Guerrero, Eric Holmes, Albert Martin, Mzobanzi Britson Mjwara, Francisco Fernandez, Joseph Toney, Awuku Kwame Nana, Blake Moore, Sarod McDay, and Onome Uwerthiavue (together, "Plaintiffs") and Defendants Zvi Manor and Manor Moving & Storage, Ltd., Better Move Inc. and Asa Eldar (collectively, "Defendants")[1] respectfully submit this letter motion in support of their request for approval of the within settlement. Based on the information provided herein the Parties respectfully request that the settlement agreement (attached as Exhibit A) be approved, the case be dismissed and the fairness hearing be found unnecessary.

## INTRODUCTION

This action was a proposed collective action under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §201, *et seq.*, and the New York State Labor Law, Articles 6 & 19 ("NYLL") against Defendants for alleged failure to pay minimum wage and/or overtime.

On November 14, 2017, the Parties attended a settlement conference with the Court's mandatory employment law mediation program. While the mediation was unsuccessful, the parties continued their settlement negotiations and finally reached an agreement after months of discovery, disputes, and negotiations. Pursuant to the agreement, Defendants will pay the twelve Plaintiffs $125,000.00.. This settlement, which was reached after contested litigation is fair and reasonable and should be approved. *See Flores v. Food Express Rego Park, Inc.*, No. 15-CV-1410 (KAM)(SMG), 2016 WL 386042, at *1 (E.D.N.Y. Feb. 1, 2016) (The parties must satisfy the court that their agreement is "fair and reasonable."). It accounts for the uncertainty of litigation and also allows a recovery where the alternative for the Defendants is likely bankruptcy.

---

[1] Plaintiffs also named Better Move, Inc. and Assa Eldar as Defendants. Better Move, Inc. was a company owned by Assa Eldar, These Defendants never entered an appearance in this Action.

1

## FACTUAL AND PROCEDURAL BACKGROUND

This action was filed the initial Summons and Complaint on March 28, 2017 and amending on September 6, 2017 on behalf of Plaintiffs Joshua Fladger, Ronathan Fladger, Edwardo Gil Guerrero, Eric Holmes, Albert Martin, and Mzobanzi Britson Mjwara, Francisco Fernandez, Joseph Toney, Awuku Kwame Nana, Sarod McDay, Onome Uwerthiavue, and Blake Moore who were employed by Defendants. The Amended Complaint alleges that employees were not being paid hourly compensation or overtime premium for many hours worked while in transit from one location to another. Each Plaintiff alleges that he worked for the Defendants as movers, drivers, and other similarly tasked employees who worked in a company that moved households for profit. Plaintiffs alleged that they were not paid from the time they were required to be at work and actually performing work. They also alleged that they were not paid overtime and that they were required to pay fines and other damages. Plaintiffs alleged to be owed a number that was for some Plaintiffs greater than $100,000.00.

The Defendants objected to a vast majority of Plaintiffs' claims and also asserted that they had no financial resources to pay a judgment. The company is currently defunct, Defendant Assa Eldar is out of the country, and Defendant Zvi Manor is also out of the country and his assets were limited. Defendant Manor also indicated he would have to borrow to pay any settlement and the negotiations took significantly longer than otherwise they would have due to his inability to find resources. Defendants disputed the number of hours worked and, in support of this, provided some schedules and time sheet records that directly contradicted Plaintiffs' claims.

Throughout the action, the parties continued to press their positions, engaging in document discovery and engaged in vigorous settlement discussions. The negotiated agreement was only reached after hours of debate and posturing through counsel and the mediator. All parties entered into the Agreement in order to avoid the expense of further litigation, delays that further litigation could cause, and the potential that a judgment could not be collectable.

## THE PROPOSED SETTLEMENT

The parties have settled this matter for $125,000 inclusive of attorneys' fees and costs. The settlement will be paid by Defendants in one lump sum of $35,000.00 and recurring payments for the following twenty-five (25) months, totaling nine (9) installments on the first of every third month as detailed in the agreement. Plaintiffs are releasing Defendants from any and all claims for failure to pay minimum wage or overtime under the FLSA and/or the NYLL, retentions from pay, and other related claims relating to the amount of wages paid to Plaintiffs. The parties have agreed to avoid making negative statements about one another. There is no confidentiality provision and the settlement agreement will be posted on the docket.

## ARGUMENT

### A. The Proposed Settlement Should Be Approved

When parties settle FLSA claims with prejudice, the settlement must be approved by a district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

"Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *Clark v. Ecolab Inc.*, No. 04CIV. 4488PAC, 2010 WL 1948198, at *7 (S.D.N.Y. May 11, 2010). "If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Kochilas v. Nt'l Merchant Servs., Inc.*, No. 14-CV-00311, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Meigel v. Flowers of the World, NYC, Inc.*, No. 11 CIV. 465 KBF, 2012 WL 70324, at *1 (S.D.N.Y. Jan. 9, 2012). In addition,

> [i]n determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citation and quotation marks omitted).

Here, the result is fair and reasonable and was reached after litigation, including the preparation of a Default Motion and extensive discovery, exchanging approximately 500 pages produced by Plaintiffs and a similar amount by Defendants which were reviewed and vetted. Each of the factors for approval of the settlement is met.

*First*, Plaintiffs' total recovery of $125,000 is greater than the liability total projected by Defendants and a reasonable portion of Plaintiffs' calculation of what they would be entitled to if they were to win at trial. Defendants produced numerous records which they claimed were maintained contemporaneously and which would have undermined Plaintiffs' claims of hours worked. The amount received by each Plaintiff is a reasonable compromise of these conflicting claims. Specifically, Plaintiff Joshua Fladger will receive an initial payment of $3,051.28 and a recurring payment of $871.79, Plaintiff Edwardo Gil Guerrero will receive an initial payment of $3,111.11 and a recurring payment of $888.89, Plaintiff Eric Holmes will receive an initial payment of $1,076.92 and a recurring payment of $307.69, Plaintiff Albert Martin will receive an initial payment of $2,153.85 and a recurring payment of $615.38, Plaintiff Mzobanzi Britson Mjwara will receive an initial payment of $2,871.79 and a recurring payment of $820.51, Plaintiff Francisco Fernandez will receive an initial payment of $3,769.23 and a recurring payment of $1,076.92, Plaintiff Joseph Toney will receive an initial payment of $3,111.11 and a recurring payment of $888.89, Plaintiff Awuku Kwame Nana will receive an initial payment of $2,153.85 and a recurring payment of $615.38, Plaintiff Blake Moore will receive an initial payment of $777.78 and a recurring payment of $222.22, Plaintiff Onome Uwerthiavue will receive an initial payment of $717.95 and a recurring payment of $205.13, Plaintiff Ronathan Fladger will receive an initial payment of $3,350.43 and a recurring payment of $957.26, and Plaintiff Sarod McDay will receive an initial payment of $1,854.70 and a recurring payment of $529.91. Each installment payment is due on the first of every third month following the initial payment for the next twenty-eight months. The amount apportioned to each was based on their individual damages calculations

as well as their individual circumstances which increased or decreased their willingness to compromise. Of the total settlement $100,000.00 will go directly to the Plaintiffs.

*Second*, by settling now, the parties avoid the substantial burden and expense of establishing their claims and defenses. One major point of contention was the number of hours Plaintiffs actually worked. Plaintiffs contended that the time records Defendants produced were inaccurate and that, to the extent time records were absent, Plaintiffs intended to prove their hours worked by testimony (*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). Defendants contended that Plaintiffs worked very few overtime hours, and that the time records Defendants produced would support that contention. Plaintiffs reviewed some of those records and there was a genuine question of fact as to whether they were underpaid significantly. By settling now, all parties avoid the risks inherent in asking a jury to make credibility determinations concerning the number of hours worked by Plaintiffs.

*Third*, for the same reasons as in factor 2, each party avoids the risk that its testimony concerning Plaintiffs' hours worked would be accepted by the Court or a jury.

*Fourth*, the settlement agreement here is the product of arm's-length negotiation between experienced counsel, each of whom vigorously represented their respective clients' interests, and was reached with the help of mediation by the Court. *See, e.g., Willix v. Healthfirst, Inc.*, No. 07 CIV. 1143 ENV RER, 2011 WL 754862, at *3 (E.D.N.Y. Feb. 18, 2011) ("Arm's-length negotiations involving counsel and a mediator raise a presumption that the settlement they achieved meets the requirements of due process.").

*Fifth*, there has been no fraud or collusion here. No party has been promised or is receiving anything more than what is set forth in the settlement agreement.

In this case, the parties have a bona fide dispute that goes to the core of the case: the amount of compensation due to Plaintiffs is in sharp dispute. Plaintiffs contended that they worked twelve (12) to eighteen (18) hour shifts, five (5) to seven (7) shifts a week and were only paid between $9.00 and $12.00 per shift. Defendants would have contended that (1) for those Plaintiffs whose time records Defendants maintained, the records showed that the Plaintiffs worked a negligible amount of overtime, (2) regardless of whether time records existed for any Plaintiff, no employee of Defendants worked the hours that Plaintiffs claimed and (3) that all Plaintiffs were paid the appropriate hourly wage for the time worked.

### B. Plaintiffs Should be Granted Attorneys' Fees and Expenses

The attorneys' fees and costs of $25,000.00 is fair considering the significant work and time that was put into the case by counsel for Plaintiffs. Plaintiffs' counsel spent significant time preparing the pleadings, discovery demands, meeting with Plaintiffs, initial disclosures, appearing in court for the initial conference, litigating the confidentiality issue, settlement conference, reviewing Defendants' discovery responses, preparing the settlement agreement and preparing this letter. In discovery Plaintiffs produced approximately five hundred documents. A Default Motion was prepared and the certificate of default was obtained; several discovery disputes were researched and raised with the opposing counsel. Attorneys also held numerous meetings with opt-in Plaintiff and Plaintiffs to review the case, discuss matters, prepare for the settlement conference,

obtain discovery related documents and other matters which occasionally arose. In total our office spent more than one hundred (100) hours working on this matter. Further, paralegals with Plaintiffs' counsel's office spent days scanning and summarizing records for calculations and other scheduling matters. The costs expended without reimbursement totaled $655.00. The number of hours worked on this case by Plaintiffs' attorney is estimated to exceed one hundred (100) since the initial retainer was signed on January 18, 2017, providing an hourly rate of approximately $250.00. This excludes all paralegal time and other time not considered like phone calls and emails. This rate is lower than the $375.00 per hour the Southern District Court awarded Plaintiff's counsel following trial in Echevarria v. Insight Med., P.C., 102 F. Supp. 3d 511 (S.D.N.Y. 2015). As a percentage it is 20% and below the third that Plaintiffs' counsel could request as a fee based on the retainer and which has been approved frequently by this Court. The reduction in fee was agreed upon in order to ensure that the Plaintiffs received sufficient amounts to settle the case. Further, Plaintiffs' counsel will continue representation during the twenty-eight (28) months that payments are being made. These fees and costs should be found reasonable by the Court.

## CONCLUSION

For all the foregoing reasons, the proposed settlement should be approved in its entirety.

/s/ Jesse C. Rose
Jesse C. Rose